IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-78,779-01 & WR-78,779-02






EX PARTE TIMOTHY GENE WHITMORE, Applicant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NOS. 53821-336 & 53822-336

IN THE 336TH CRIMINAL DISTRICT COURT

FROM GRAYSON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault in both cause numbers. He was sentenced to fifteen years' imprisonment in cause number
53821-336 and twenty years' imprisonment in cause number 53822-336. The Fifth Court of Appeals
affirmed his conviction in cause number 53822-336. Whitmore v. State, No. 05-07-00292-CR (Tex.
App.-Dallas November 8, 2007). He did not appeal his conviction in cause number 53821-336.

 Applicant contends that his convictions violate double jeopardy, that the cumulation order
in cause number 53821-336 is invalid, and that his counsel was ineffective. Applicant was convicted
in these two cause numbers, and also in two intoxication assault cause numbers as well. He did not
file applications attacking his convictions for the intoxication assault convictions. 

 On the 5th day of December, 2012, the trial court signed findings of fact and conclusions of
law stating that there is no double jeopardy violation as to these two convictions for aggravated
assault because the offenses were committed against two different complainants. This is a correct
statement of law, but it appears that Applicant is complaining not of a double jeopardy violation
between the aggravated assault convictions, but rather with the intoxication assault convictions. 
However, if Applicant wishes to attack the intoxication assault convictions, he must file separate
applications for those cause numbers.

 Based on the trial court's findings of fact as well as this Court's independent review of the
entire record, we deny relief.



Filed: January 9, 2013

Do not publish